UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI COURTOIS,<br><br>                              Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>                             Defendants. | Case No.: 19-CV-0542 W (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. 8]; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [DOC. 8]** |

      Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") removed this case from the San Diego Superior Court on March 22, 2019.  (*Notice of Removal* [Doc. 1].)  At the time, the case was nearly two years old.  (*See Original State Court Compl.* [Doc. 1-3].)  Plaintiff moves to remand, and for reasonable attorneys' fees associated with the removal.  (*Pl.'s Mot.* [Doc. 8].)  The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons that follow, Plaintiff's motion will be granted as to both the remand and the fee award.

//

## I. BACKGROUND

On March 24, 2017, Plaintiff Kristi Courtois filed this action in the Superior Court of California, County of San Diego against Bank of America, N.A., Nationstar Mortgage LLC, and several other entities, seeking, *inter alia*, to stop the foreclosure of her property. (*Original State Court Compl.* [Doc. 1-3].) Nearly two years later, on February 20, 2019, Plaintiff filed a First Amended Complaint naming MERS as a defendant for the first time. (*FAC* [Doc. 1-2].)

On March 22, 2019, MERS removed to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*Notice of Removal* [Doc. 1].) MERS and Nationstar promptly filed motions to dismiss. [Docs. 5, 6.] On April 2, 2019, Plaintiff filed the instant Motion to Remand pursuant to 28 U.S.C. § 1446(c) and § 1447(c), noting that almost two years had lapsed between the filing of the action and removal. (*Pl.'s Mot.* [Doc. 8].) Plaintiff also sought attorneys' fees in connection with the removal. (*Id.*) The Court stayed the motions to dismiss pending resolution of the motion to remand. (*April 16, 2019 Order* [Doc. 12].) Defendants have opposed the motion to remand. (*Defs.' Opp'n* [Doc. 13].) The other two motions remain stayed.

For the reasons that follow, Plaintiff's motion to remand will be granted. Plaintiff's motion for attorneys' fees will be granted.

## II. LEGAL STANDARD

The party seeking to invoke removal jurisdiction bears the burden of supporting its allegations with competent proof. See Gaus v. Miles. Inc., 980 F.2d 564, 566–67 (9th Cir. 1992) (per curiam); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997); see 28 U.S.C. § 1441(a).

There is a "strong presumption" against removal jurisdiction, and the defendant always bears the burden of establishing the propriety of removal. See Gaus, 980 F.2d at

2

566 (internal quotation omitted); <u>Nishimoto v. Federman-Bachrach & Associates</u>, 903 F.2d 709, 712 n.3 (9th Cir. 1990) (internal citation omitted).  The removal statute is strictly construed against a removing defendant.  See <u>id.</u>; <u>Luther v. Countrywide Home Loans Servicing LP</u>, 533 F.3d 1031 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.").  If there is any doubt about the right to remove in the first instance, a motion to remand must be granted.  See <u>Gaus</u>, 980 F.2d at 566.

### III. DISCUSSION

#### A. The Motion to Remand Will be Granted.

Generally, a case must be removed within 30 days after the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b).  If the case was not initially removable, it must be removed within 30 days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  <u>Id.</u>  In such a case, it must be removed within one year of the commencement of the action (unless the plaintiff acted in bad faith).  28 U.S.C. § 1446(c).

Defendants do not show that this case was initially removable.  As MERS and Nationstar concede in opposition, the initial Complaint lacked complete diversity of citizenship between the parties.  (*Defs.' Opp'n* [Doc. 13] 9:16–11:13 ("Recontrust and Deutsche Bank are California citizens for purposes of diversity jurisdiction . . . ."); *Original Compl.* [Doc. 1-3].)  Defendants contend in opposition that two of the initial defendants were sham defendants whose citizenship should be disregarded according to the doctrine of fraudulent joinder.  They fail to meet their burden on this point.

"Fraudulent joinder is a term of art."  <u>McCabe v. General Foods Corp.</u>, 811 F.2d at 1336, 1339 (9th Cir. 1987).  "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  <u>Id.</u>  "The defendant seeking removal

1  to the federal court is entitled to present the facts showing the joinder to be fraudulent.
2  There is a 'general presumption against fraudulent joinder.' " Hunter v. Philip Morris
3  USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (quoting Hamilton Matials, Inc. v. Dow
4  Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)). "Fraudulent joinder must be
5  proven by clear and convincing evidence." See Hamilton, 494 F.3d at 1206.

6      Defendants' allegations as to fraudulent joinder are absent from the Notice of
7  Removal and appear for the first time in the opposition to the Motion to Remand. (*Notice
8  of Removal* [Doc. 1] 3–4.) Thus, the Notice of Removal is insufficient to afford Plaintiff
9  "a short and plain statement of the grounds for removal." See 28 U.S.C. § 1446(a); Dart
10 Cherokee Basin Operating Co., LLC, v. Owens, 574 U.S. 81 (2014).

11     Furthermore, what evidence Defendants do submit alongside their opposition
12 papers leaves substantial doubt as to whether the initial claims stated against at least one
13 of the two resident defendants were so obviously defective under California law as to
14 have constituted fraudulent joinder. As to Deutsche Bank, the entity on whose behalf the
15 Notice of Default was recorded, Defendants spend a sum total of four sentences assessing
16 Plaintiff's initial claims as "obviously deficient" for the purposes of a jurisdictional
17 analysis. Defendants have a significant burden to meet here in light of the presumption
18 against fraudulent joinder. Hunter, 582 F.3d at 1046. The removal statute is "strictly
19 construe[d] against removal jurisdiction." See Gaus, 980 F.2d at 566. Again, "[f]ederal
20 jurisdiction must be rejected if there is any doubt as to the right of removal in the first
21 instance." Gaus, 980 F.2d at 566.

22     According to Defendants:
23 //
24 //
25 //
26 //
27 //
28 //

4

> Plaintiff's claims against Deutsche Bank are . . . . obviously deficient under California law.  Plaintiff's claims against Deutsche Bank were aimed at challenging the chain of assignments by which Deutsche Bank acquired its interest in the DOT . . . .  However, the record is clear that no foreclosure sale had occurred and, thus, Plaintiff lacked standing to challenge Deutsche Bank's authority to initiate foreclosure proceedings.  See Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 814–815 (2016).  Moreover, the legal theories on which all of Plaintiff's claims rely have been consistently rejected by California courts, rendering them fatally deficient as a matter of law.

(*Defs.' Opp'n* [Doc. 13] 10–11.)  Defendants fall short of meeting their burden here.  This analysis is not sufficient to eliminate all doubt as to the right to remove a case based on a sham defendant theory nearly two years after it was filed.[1]  See Gaus, 980 F.2d at 566; Hamilton, 494 F.3d at 1206.

Defendants likewise fail to meet their burden as to their second contention, that Plaintiff acted in bad faith by not filing against MERS until 2019.  (*Notice of Removal* [Doc. 1] ¶ 13.)  Plaintiff filed the FAC to include MERS as a defendant after a contested discovery motion resulted in the production of the "MERS Milestone Report," which, according to the FAC, "details the purported ownership and interest rights to the deed of trust"—specifically, clarifying that MERS had no authority to assign the loan.  (*FAC* [Doc. 1-2] ¶¶ 12–14.)  This document allegedly forms the factual basis for a cancellation of instruments cause of action against MERS.  (*Id.* [Doc. 1-2] ¶¶ 12–14, 70–84.)

Defendants argue:

> Plaintiff engaged in a two year long campaign of concealing her intent to name MERS as a defendant, doing so as a manner by which to hedge her bets against adverse rulings and in an attempt to preclude MERS from removing to federal court.  Despite pages of factual and legal allegations against MERS in the Complaint, Plaintiff opted in her initial filing not to sue MERS.  Indeed, Plaintiff only named MERS as a defendant until after the causes of action in which she now names MERS were otherwise dismissed

---

[1] This is especially evident in light of the fact that the original Complaint contained a number of claims against Deutsche.  Defendants offer no reasoning as to how Saterbak might relate to them.  (*Original State Court Compl.* [Doc. 1-3].)

5

with prejudice.  Those causes of action were dismissed, however, within the one year limitation, and yet Plaintiff still waited another year and a half to name MERS.  One can infer from the timing that Plaintiff was doing so in an attempt to prevent MERS from removing this matter to federal court.  Plaintiff attempts to excuse this gamesmanship by claiming that MERS was only named after a lengthy discovery battle resulted in MERS turning over the "MERS Milestone Report," which caused Plaintiff to realize her causes of action against MERS.  If true, why are the allegations against MERS in the initial Complaint, filed more than two years ago, nearly identical to those appearing in the First Amended Complaint?  The answer is simple: Plaintiff is using the "MERS Milestone Report" as a pretext to justify her decision not to name MERS in the original Complaint so that she can now "revive" previously dismissed claims in the name of "new discovery" and deprive MERS of its right of removal.

(*Defs.' Opp'n* [Doc. 13] 12.)  This is not sufficient to carry Defendants' burden.

"California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure[,]" absent a "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party."  See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156 (2011); see also Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 512 (2013), *as modified* (June 12, 2013), *overruled in part by* Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 939 n.13 (2016).  If this MERS Milestone Report provided a specific factual basis for alleging that the foreclosure was not initiated by the correct party, that Plaintiff waited until being in receipt of it before filing against MERS does not necessarily amount to bad faith.  California law may not have allowed for the filing of such an action before Plaintiff received the report.  See id. Once again, Defendants' analysis here is abridged and unpersuasive.  It comprises a sum total of two paragraphs.  (*Defs.' Opp'n* [Doc. 13] 12:7–26.)

Defendants fail to meet their heavy burden of demonstrating that 28 U.S.C. § 1446(c) does not preclude removing this case after almost two years of state-court litigation.  The motion to remand will be granted.  See Gaus, 980 F.2d at 566 (internal quotation omitted); Nishimoto, 903 F.2d at 712 n.3.

### B. Plaintiff is Entitled to Attorneys' Fees for all Proceedings in Federal Court.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "By adding attorney's fees to costs which may be awarded after remand, Congress provided the statutory authorization necessary to award fees without a finding of bad faith. Congress has unambiguously left the award of fees to the discretion of the district court." Moore v. Permanente Med. Grp., Inc., 981 F.2d 443, 446 (9th Cir. 1992). Bad faith is not necessary for an award of fees upon remand. Id. The award of fees is within the Court's discretion. See id.

However, "[t]he fact that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion. We have it on good authority that 'a motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005) (quoting United States v. Burr, 25 F. Cas. 30, 35 (No. 14, 692d) (C.C. Va. 1807) (Marshall, C. J.)). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

Defendant MERS removed this case nearly two years after it was filed, in violation of 28 U.S.C. § 1446(c)(1). It omitted the fraudulent joinder theory altogether from the Notice of Removal, and it did not conscientiously explain this theory in light of the relevant legal standard when Plaintiff brought a motion to remand. This was objectively unreasonable. A fee award in Plaintiff's favor is appropriate. See 28 U.S.C. § 1447(c); Martin, 546 U.S. at 139–42.

//
//

Defendant MERS, which removed this case, shall reimburse Plaintiff reasonable attorneys' fees in the amount of $4,067.50—$3,267.50 for briefing the opposition to the motion to remand, and $800.00 for briefing the ex parte application to shorten time.  (*See Pl.'s Mot.* [Doc. 8] 11–12; *Freshman Decl.* [Doc. 8-1].)

### IV. CONCLUSION & ORDER

Plaintiff's motion to remand is **GRANTED**.  [Doc. 8.]

Plaintiff's motion for attorneys' fees is **GRANTED**.  [Doc. 8.]

Defendant MERS shall reimburse Plaintiff in the amount of $4,067.50 for attorneys' fees associated with this removal.

**IT IS SO ORDERED.**

Dated:  June 3, 2019

_____
Hon. Thomas J. Whelan
United States District Judge